Signed and Filed: February 1, 2017



_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re ) Bankruptcy Case
) No. 15-52365 DM
JOSEPH L. WILCZAK and )
JUDITH A. WILCZAK, ) Chapter 11
)
)
) 
            Debtors. )
_____)

MEMORANDUM DECISION ON FEE APPLICATION BY MORAN LAW GROUP

On January 25, 2017, this court held a hearing on the application for compensation filed by Debtors' former counsel, Moran Law Group ("MLG"). Acknowledging that this case was difficult and frustrating for both counsel and the debtors, the court finds that almost all of the fees sought by MLG are reasonable. The court will therefore allow all of the fees and costs sought by MLG except as follows:

(1) Fees in the amount of $242.50 charged by Renee C. Mendoza on July 31, 2015, for amending the employment application in response to the court's July 30 notification of deficiencies with the proposed order.

MEMORANDUM DECISION
-1-

(2) Fees in the amount of $194 charged by Cathleen Cooper Moran on January 15, 2016, for preparing the application to withdraw as counsel.

(3) Estimated fees in the amount of $582 for attending the hearing on the application and drafting an order granting the fees, as the time expended in defending the actual fees was not necessarily beneficial to the estate.

(4) Fees in the amount of $480 charged on July 26, 2016, for preparing the fee application. The application itself was deficient as multiple tasks were placed in one general umbrella category ("Chapter 11 Matter") exceeding $20,000 in fees and constituting more than 15 percent of the total fees requested in contravention to Guideline 3 (Project Billing) of the court's *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees.*

The court is overruling the balance of Debtors' opposition to MLG's fee application. Debtors contend that MLG did not achieve or adequately pursue the goals of the bankruptcy: (1) the retention of their residence and (2) the prosecution of forgery claims against a lender. MLG, however, did file an adversary proceeding at the request of Debtors (A.P. 15-5133), which this court dismissed on issue preclusion grounds as the state court had already disposed of the claims asserted and the matter was on appeal. Even though the cash collateral motion may not have been necessary given the absence of a rents assignment clause in the security instruments, the court required the motion and the motion itself was based on

MEMORANDUM DECISION
-2-

the lender's lack of a security interest in the rents.  In summary, MLG provided diligent services to the debtors and the estate in the context of the bankruptcy case, and the fees for providing such service are reasonable and necessary, even if Debtors are unhappy with the results.

Debtors also object to MLG's fees for preparing the initial monthly operating reports ("MORs") covering July-September 2015 and for setting up the MOR template.  Debtors thereafter (on December 7, 2015) filed an application to retain an accountant to prepare the MORs going forward, so their complaint in paragraph six of their declaration (Dkt. 113-1) that the MORs were filed late and were prepared by them is unavailing.  The initial MORs were timely filed and prepared by MLG, and MLG is not responsible for untimely ones filed thereafter.

The court understands that Debtors feel that MLG abandoned them and refused to pursue a strategy to allow them to keep their house.  While the court sympathizes, it suspects that they may have had unrealistic expectations that this court could erase the state court judgment against them.

MLG should prepare an order consistent with this memorandum decision, serve it on Debtors' counsel in accordance with B.L.R. 9021-1(c) and upload it.

\*\* END OF MEMORANDUM DECISION \*\*

MEMORANDUM DECISION
-3-